IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Estate of MOHAMMAD REZA ABDOLLAHI, et al.,

    Plaintiffs,                    No. CIV S-02-2488 FCD JFM PS

  vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.
_____/

Estate of JAKE SUMMERS, et al.,

    Plaintiffs,

  vs.

COUNTY OF SACRAMENTO, et al.,

_____/

JULIEN PROVENCHER, et al.,

    Plaintiffs,

  vs.

COUNTY OF SACRAMENTO, et al.,

_____/

1

Estate of JOSE ELIAZAR ARAMBULA, et al.,

    Plaintiffs,

  vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

_____/

## ORDER

Plaintiffs' motion to compel defendant Judith Johnson to answer deposition questions came on regularly for hearing April 7, 2005. Stewart Katz and Elizabeth Dankof appeared for plaintiffs. Robert F. Tyler appeared for defendants Judith Johnson, R.N., Cheryl Paizis, D.O., and Henry Ishibashi. James Michael Davis appeared for the County of Sacramento. After hearing from counsel, it became clear that the actual discovery dispute between the parties was whether certain documents maintained by defendants were protected from discovery by the assertion of a self-critical privilege, based on California Evidence Code Section 1157, or the deliberate process privilege. Accordingly, the court ordered the parties to submit further briefing, and reset the matter for hearing on Friday, April 22, 2005. At the April 22 hearing counsel appeared as noted above. At the conclusion of the hearing the court directed defense counsel to submit the disputed documents for *in camera* review, and the motion was taken under submission.

Upon review of the arguments of counsel and the *in camera* documents and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

A federal court is not bound to recognize state privileges in federal question cases. <u>Garrett v. City & County of San Francisco</u>, 818 F2d 1515, 1519, n. 6 (9th Cir. 1987) (personnel files discoverable in federal civil rights action despite claims of privilege under state law). However, federal courts will usually attempt to accommodate the policies reflected in state law. Courts frequently issue a protective order restricting use and dissemination of the information

ordered to be disclosed.  See Leon v. County of San Diego, 202 F.R.D. 631, 635 (S.D. Cal. 2001)(federal courts should attempt to accommodate state privilege in federal question cases unless doing so would impair assertion of federal right).

        The Supreme Court has cautioned that an evidentiary privilege should not be recognized or applied unless it "promotes sufficiently important interests to outweigh the need for probative evidence."  Jaffee v. Redmond, 518 U.S. 1 (1996) (citing Trammel v. United States, 445 U.S. 40, 51 (1980)).  This provides federal courts "with the flexibility to develop rules of privilege on a case-by-case basis."  Trammel, 445 U.S. at 47, 100 S.Ct. 906 (citation omitted).

        The self-critical analysis privilege has been recognized only sporadically and only at the district court level: "The Supreme Court and circuit courts have neither definitively denied the existence of such a privilege, nor accepted it and defined its scope." Dowling v. American Hawaii Cruises, Inc., 971 F.2d 423, 425 n.1 (9th Cir. 1992); Morgan v. Union Pac. R.R. Co., 182 F.R.D. 261, 264 (N.D. Ill. 1998).  The court in Dowling stated:

> Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that  "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 501 of the Federal Rules of Evidence states that in cases in which federal law governs, privileges "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Rule 501 reflects Congress's intent to allow courts "flexibility to develop rules of privilege on a case by case basis." University of Pa. v. EEOC, 493 U.S. 182, 189 . . . (1990).  The Supreme Court has recently stated that it is "disinclined to exercise this authority expansively." Id.  The Court has reiterated its long standing view that the policy favoring open discovery requires that privileges must be "strictly construed." Id.

Dowling, 971 F.2d at 425.

        The reasoning of Leon v. County of San Diego , 202 F.R.D. 231 (S.D. Cal. 2001) is persuasive herein.  This court finds that no self-critical analysis privilege under federal common law protects the documents in question. Therefore, discovery of the documents should be allowed.

Defendants also claim the QI documents submitted *in camera* are protected from disclosure by the deliberative process privilege.[1] The purpose of the deliberative process privilege "is to prevent injury to the quality of agency decisions" by ensuring that the "frank discussion of legal or policy matters" in writing, within the agency, is not inhibited by public disclosure. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-51 (1975). To come within the ambit of the deliberative process privilege, a document must be both "predecisional" and "deliberative." National Wildlife Fed'n v. U.S. Forest Service, 861 F.2d 1114, 1117 (9th Cir. 1988. A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision." Assembly of the State of California v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (citations omitted). A predecisional document is a part of the "deliberative process" if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id.

The agency asserting the privilege bears the burden of justifying it. EPA v. Mink, 410 U.S. 73, 93 (1973). The burden may be met through detailed affidavits which establish in a nonconclusory and logical fashion the decision-making deliberative process to which the documents pertain and the role played by the document. Wiener v. F.B.I., 943 F.2d 972 (9th Cir. 1991); Bay Area Lawyers Alliance for Nuclear Arms Control v. Department of State, 818 F.Supp. 1291 (N.D. Cal. 1992).

Upon careful review of the QI documents, the court concludes that the QI documents are also not protected by the deliberative process privilege.

Accordingly, IT IS HEREBY ORDERED that:

---

[1] The case law addressing this privilege has generally been in the context of actions brought under the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552. The rationale of the FOIA cases, however, is equally applicable where the government asserts the privilege to protect documents from disclosure during civil discovery.

1. The QI documents submitted for review *in camera* shall be produced to plaintiffs' counsel for inspection and copying within ten days from the date of this order.

2. Plaintiffs' motion to compel Judith Johnson to answer deposition questions is denied.

3. The documents produced pursuant to this order shall be used by plaintiffs' counsel solely in connection with this litigation.

DATED:   April 25, 2005.

UNITED STATES MAGISTRATE JUDGE

/001; abdollahi.oah