WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
ROBERT F. TYLER (SBN 063055)
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814
Telephone:      (916) 441-2430
Facsimile:       (916) 442-6664

Attorneys for Defendants
JUDITH JOHNSON, R.N., CHERYL PAIZIS, D.O.,
HENRY ISHIBASHI, LCSW, and NANCY HARNETT,
MSW

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of MOHAMMAD REZA ABDOLLAHI, deceased, by and through SINA ABDOLLAHI (a minor through his mother and guardian ad litem Parvin Ganji), as successor in interest; SINA ABDOLLAHI, Individually; Estate of JAKE SUMMERS, deceased, by and through is mother DENISE HOFF (conservatee, by and through her guardian ad litem Judy Carver), as successor in interest; DENISE HOFF, individually; JULIEN PROVENCHER, SR., individually; JEAN THURSTON, individually; Estate of JOSE ELIZAR ARAMBULA, deceased, by and through ELIAS ARAMBULA and ANDREW ARAMBULA, minors through their mother and guardian ad litem Irma Rodriguez, as successors in interest; ELIAS ARAMBULA and ANDREW ARAMBULA, Individually; and SOCORRO ARAMBULA, Individually,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO; et al.<br><br>        Defendants. | No. CIV.S - 02-2488 FCD JFM<br>(Consolidated Cases)<br><br>**APPLICATION FOR RELIEF AND ORDER ALLOWING FILING OF SUPPLEMENTAL DECLARATION OF JUDITH JOHNSON, IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT BY JUDITH JOHNSON, R.N. AND NANCY HARNETT, MSW (FRCP 60(b))**<br><br>Date: November 18, 2005<br>Time: 10:00 a.m.<br>Courtroom: 2<br><br>Second Amended Consolidated Complaint Filed:  July 15, 2005<br>Discovery Cutoff:  June 1, 2005<br>Trial Date:  June 6, 2006 |

Defendants Judith Johnson and Nancy Harnett, hereby apply to this Court, for its Order, allowing them to late file the Supplemental Declaration of Judith Johnson in Support of their Pending Motions for Summary Judgment, pursuant to Federal Rule of Civil Procedure 60(b).

The basis upon which said motion is being made is that moving defendants' failure to previously file a declaration addressing the subject matter contained in this supplemental declaration was due to surprise and/or excusable negligent and that an Order allowing the filing and consideration of same within the presently pending motions does justice.  Said application is based upon the following points and authorities, as well as the Declaration of Robert F. Tyler in support thereof.

Dated:  November 4, 2005                         WILKE, FLEURY, HOFFELT,
                                                 GOULD & BIRNEY, LLP

                                                 By:     //ROBERT F. TYLER//
                                                        ROBERT F. TYLER
                                                     Attorneys for Defendants
                                                 JUDITH JOHNSON, R.N., CHERYL
                                                 PAIZIS, D.O., HENRY ISHIBASHI, LCSW,
                                                 and NANCY HARNETT, MSW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FROM RELIEF TO LATE FILE SUPPLEMENTAL DECLARATION OF JUDITH JOHNSON IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS JOHNSON AND HARNETT**

Federal Rule of Civil Procedure 60(b) provides that on motion and upon such terms as are just, the Court may relieve a party from a proceeding for "mistake, inadvertence, surprise, or excusable neglect."  In the present action, these moving defendants filed their motions for summary judgment on July 29, 2005.  Prior to that time, plaintiffs, in the course of lengthy discovery, had made <u>no</u> mention of whatsoever of any contention that defendant Harnett had previously been derelict with regard to any inmate other than inmate Arambula, much less that defendant Johnson should have taken any action with regard to same.[1]

---

[1] A portion of the problem obviously adheres in the truncated timeframe in which defendant Harnett found herself.  Thus, defendant Harnett was only brought into this litigation essentially after the close of discovery, and in fact, filed her answer to the present complaint only <u>after</u> she had had to filed her summary judgment motion.  Clearly, her discovery rights were completely abrogated in these circumstances.  In fairness to plaintiffs, by depriving defendant Harnett of the ability to discover the contentions being made against her, plaintiffs were never called to outline same as to her.  In like manner, since the <u>Nesemann</u> memo was produced to them by defendant County only after discovery was already closed, plaintiffs may well have been excused from their duty to supplement their prior discovery responses as to defendant Johnson under FRCP 26.

1    In their opposition to those presently pending motions by these defendants, plaintiffs lay great reliance upon a memo from one Sgt. Nesemann, that contained in a 2605 page document physical production of documents made by defendant County after the close of discovery some weeks before the defendants' summary judgment motions were filed.  Simply put, these defendants' review of these documents did not take place until after the present summary judgment motions had been filed, and plaintiffs first raised Sgt. Nesemann's memo as an issue. As noted above, plaintiffs never raised this as an issue prior to that, for as noted, Ms. Harnett was never afforded an opportunity to make discovery of plaintiffs' contentions against her due to the timing of this litigation, while plaintiffs failed to raise it via supplementation to their responses to defendant Johnson's discovery either.  Of course, a supplementation of those responses under Rule 26e would have obviated the situation.  While plaintiffs will ostensibly that they had no duty to supplement their prior answers due to the close of discovery before they were afforded the documents containing Sgt. Nesemann's memo, the point remains that, due to no fault of their own, these moving defendants were completely "sandbagged".  Such more than constitutes a compelling basis for a finding of "surprise" and excusable neglect under FRCP 60(b).

Conversely, absolutely no prejudice will be visited upon plaintiffs by allowing defendants to adduce the supplemental declaration of Judith Johnson, while the interests of justice will be directly advanced thereby. Thus, plaintiffs are attempting to assert a "gotcha" by reason of a self-serving memorandum issued by a custody sergeant regarding an inmate whose care is not at issue herein.  As the supplemental declaration of Judith Johnson demonstrates, plaintiffs' attempt to use same to cast aspersions upon Ms. Harnett and Ms. Johnson is totally misplaced, for the records of the inmate referred to in Sgt. Nesemann's memo irrefutably demonstrate that Ms. Harnett acted totally appropriately in the circumstances.  Given this, plaintiffs have not only surprised defendants with a "stealth" issue, but that issue is itself a total "red herring" which would only have the ultimate effect of misleading the court in the circumstances.  Given this, it is quite clear that defendants Harnett and Johnson should be given relief to file the Supplemental Declaration of Judith Johnson, *nunc pro tunc*, as if that declaration were filed along with their original papers in support of their pending motions.

DATED: November 4, 2005

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: //ROBERT F. TYLER//
ROBERT F. TYLER
Attorneys for Defendants
JUDITH JOHNSON, R.N., CHERYL PAIZIS, D.O., HENRY ISHIBASHI, LCSW, and NANCY HARNETT, MSW

## DECLARATION OF ROBERT F. TYLER IN SUPPORT OF MOTION FROM RELIEF FROM DEFAULT

I, Robert F. Tyler, do hereby declare:

1. I am an attorney at law duly licensed to practice in the Courts of the State of California and before this Court. I am attorney for defendants Henry Ishibashi, LCSW, Nancy Harnett, MSW and Judith Johnson, R.N., herein.

2. When these litigations were first filed, I served contention interrogatories upon plaintiffs requesting that they provide various information, including their theories of liability against defendants Johnson and Ishibashi. No where referred to in plaintiffs' answers was anything regarding a memorandum by one Sgt. Nesemann, concerning inmate M.

3. Plaintiffs never supplemented any of those interrogatory responses.

4. I was never able to serve contention interrogatories on behalf of defendant Harnett upon plaintiffs, in that defendant Nancy Harnett was only added into this litigation six weeks after discovery had already closed.

5. Up to the point at which plaintiffs ultimately filed their opposition to my clients' motions for summary judgment, I had never been aware of the memorandum from Sgt. Nesemann concerning inmate M. contained in one of defendant County's document productions in June. Immediately after I became aware of same, I requested that inmate M.'s records be provided to me, so that I could ascertain the validity of Sgt. Nesemann's assertions. As those records themselves show, Sgt. Nesemann's assertions, at least as they would relate to the actions of defendant Harnett, are totally without merit.

6.To allow plaintiffs to herein assert that Sgt. Nesemann made a valid complaint against Ms. Harnett in the context of inmate M.'s care would do a disservice to the Court, and would cause an unjustified misprision of justice as to both of my clients.  Because of this, I believe in good faith that the present motion is properly brought, so as to place a true and complete record before the Court before it rules upon my clients' presently pending motions for summary judgment.

I declare under the penalty of perjury that the foregoing is true and correct and of my own knowledge, and that if called, I could competently testify to the above.

Executed this 2nd day of November, 2005, at Sacramento, California.

//ROBERT F. TYLER//
ROBERT F. TYLER

### ORDER

Based upon the foregoing Application for Relief, and good cause appearing, it is hereby ordered that the Supplemental Declaration of Judith Johnson, attached hereto, be filed and considered herein.

Dated: November 2, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
U.S. District Judge

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

190805.1-5-

APPLICATION FOR AND (PROPOSED) ORDER ALLOWING FILING OF SUPPLEMENTAL DECLARATION